**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIBERTY INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Liberty Insurance Corp. ("Liberty" or "Plaintiff"), by and through its attorneys, Kennedys CMK LLP, by way of this Complaint for Declaratory Judgment against Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") hereby says:

**NATURE OF THE ACTION**

1. Liberty brings this action seeking a declaration that it is not obligated to provide Defendant Amtrak with a defense or indemnification under the policy Liberty issued to its Named Insured "T.U.C.S. Cleaning Service, Inc." ("TUCS"), policy No. TB7-691-443790-050, for the policy period of November 15, 2020 to November 15, 2021 (the "Liberty Policy"), in connection with the claims against Amtrak in the lawsuit <u>Joseph R. Rash vs. National Railroad Passenger Corporation (Amtrak)</u>, Case No. 2:21-cv-04032-MSG, venued in the United States District Court for the Eastern District of Pennsylvania ("Underlying Action").

## THE PARTIES

2.  Liberty is a business corporation organized under the laws of the State of Illinois and has its principal place of doing business at 175 Berkeley Street, Boston, Massachusetts.

3.  Upon information and belief, Amtrak is a corporation formed by an Act of Congress, 45 U.S.C. § 501 et seq., 49 U.S.C. § 24101 et seq., majority owned by the United States of America, with its principal place of business in Washington, D.C., and it is authorized to and is doing business in the State of New Jersey.

## JURISDICTION

4.  There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under the Liberty Policy with respect to the Underlying Action pursuant to 28 U.S.C. § 2201.

5.  This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as there is federal question jurisdiction due to the majority of the capital stock of Amtrak being owned by the United States.

## CLAIM FOR DECLARATORY RELIEF

6.  There is an actual and justiciable controversy between the parties hereto with respect to whether Liberty has any obligation to defend or indemnify Amtrak in connection with any and all claims against Amtrak in the Underlying Action.

7.  A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time.

## FACTUAL ALLEGATIONS

**A.  The Liberty Policy**

8.  Liberty issued a commercial general liability policy to its Named Insured, TUCS, policy number TB7-691-443790-050, for the policy period of November 15, 2020 to November 15, 2021 (the "Liberty Policy").

9.  Insuring Agreement A in the Liberty Policy provides, in part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence".

10. The Liberty Policy contains six Additional Insured endorsements, two of which are potentially relevant, as the other four list scheduled organizations.

11. The first potentially relevant endorsement provides:

> **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

    A.    Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1.    Your acts or omissions; or

        2.    The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

          \*    \*    \*

**SCHEDULE**

**Name Of Additional Insured Person(s) Or Organization(s):**

All persons or organizations with whom you have entered into a written contract or agreement, prior to an "occurrence" or offense, to provide additional insured status.

**Location(s) Of Covered Operations**

All locations as required by a written contract or agreement entered into prior to an "occurrence" or offense.

12.    The second potentially relevant additional insured endorsement provides:

    **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

    A.    Section II – Who Is An Insured is amended to include as an additional

4

>insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".
>
>\* \* \*
>
>**SCHEDULE**
>
>**Name Of Additional Insured Person(s) Or Organization(s):**
>
>All persons or organizations with whom you have entered into a written contract or agreement, prior to an "occurrence" or offense, to provide additional insured status.
>
>**Location And Description Of Completed Operations**
>
>All locations as required by a written contract or agreement entered into prior to an "occurrence" or offense.

13. The Liberty Policy contains an Employer's Liability Exclusion, which bars coverage for "bodily injury" to an "employee" of "the insured" arising out of and in the course of: (a) employment by the insured, or (b) performing duties related to the conduct of the insured's business.

C.   <u>**The Underlying Action**</u>

14.   On September 9, 2021, Plaintiff Joseph R. Rash filed a Complaint in the Underlying Action naming Amtrak as the sole defendant.

15.   The Complaint in the Underlying Action alleges that Plaintiff was employed by Amtrak as an electronic technician, and on February 10, 2021, while working at the Penn Station in New York City, he walked into the employee bathroom and "slipped on a watery and slippery substance, causing him to fall and sustain" injuries, including to both of his shoulders.

16.   Plaintiff in the Underlying Action alleged he was injured as a result of the negligence of Amtrak.

17.   Plaintiff's Complaint does not contain any labeled causes of action, but references and is brought under the Federal Employers' Liability Act ("FELA").

18.   The Underlying Action was tendered to Liberty by CNA on behalf of Amtrak.

19.   By letter dated November 9, 2021, Liberty provided its initial coverage position under the Liberty Policy, whereby Liberty agreed to provide additional insured coverage to Amtrak, in defense of the Underlying Action, subject to a reservation of rights, including a reservation of rights to disclaim coverage as to the Employer's Liability Exclusion.

20. In that November 9, 2021, letter, Liberty reserved the right to supplement its coverage position.

21. On November 11, 2021, CNA responded that it disagreed with Liberty's coverage analysis in the November 9, 2021 letter, stating in part "Mr. Rash was not an employee of TUCS or George S. Hall. He is not eligible for workers compensation for Amtrak as he is a federal railroad employee. . . ."

22. To the extent that Amtrak qualifies as an Additional Insured under the Liberty Policy, the Employer's Liability Exclusion precludes coverage for Amtrak for the Underlying Action.

## COUNT I
## DECLARATORY JUDGMENT

23. Liberty repeats and realleges each and every allegation of the preceding paragraphs as if set forth herein.

24. The Liberty Policy contains the above referenced Employer's Liability exclusion, which bars coverage for "bodily injury" to an "employee" of "the insured" arising out of and in the course of: (a) employment by the insured, or (b) performing duties related to the conduct of the insured's business.

25. The complaint in the Underlying Action alleges Plaintiff was employed by and working for Amtrak at the time of the alleged accident.

26. As such, if Amtrak does qualify as an Additional Insured under the Liberty Policy, the Employer's Liability Exclusion precludes coverage for Amtrak as the plaintiff in the Underlying Action is an employee of Amtrak - "the insured".

27. Therefore, Liberty is not obligated to defend, or to indemnify, Defendant Amtrak for any claims at issue in the Underlying Action.

28. In addition, there are other provisions of the Liberty Policy which may preclude or limit coverage to Defendant Amtrak for the Underlying Action, as set forth in Liberty's coverage position letters.

29. Liberty seeks a declaration that it has no obligation to provide a defense or indemnification to Defendant Amtrak for the claims asserted in the Underlying Action.

**WHEREFORE,** Plaintiff Liberty prays for judgment in its favor and against Defendant as follows:

a. Declaring that Liberty has no obligation to provide a defense or indemnification to Defendant Amtrak for the claims asserted in the Underlying Action; and

b. Awarding such other further relief as the Court deems just and appropriate.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify pursuant to L. Civ. R. 11.2 that:

1. Other than the Underlying Action specifically referenced herein, <u>Joseph R. Rash vs. National Railroad Passenger Corporation (Amtrak)</u>, Case No. 2:21-cv-04032-MSG, venued in the United States District Court for the Eastern District of Pennsylvania, I am unaware of any other action pending in any court or of a pending arbitration proceeding, or any contemplated action or arbitration, related to the matter in controversy.

2. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                    KENNEDYS CMK LLP

                                    s/ Gary S. Kull
                                    Gary S. Kull, Esq.
                                    John C. Gainey, Esq.
                                    120 Mountain View Boulevard
                                    P.O. Box 650
                                    Basking Ridge, New Jersey 07920
                                    (908) 848-6300
                                    Gary.Kull@kennedyslaw.com
                                    Jack.Gainey@kennedyslaw.com
                                    Attorneys for Plaintiff
                                    Liberty Insurance Corp.

Dated: August 5, 2022